UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-63048-SMITH/VALLE

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

v.

LISA BISCOTTI, *et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

THIS MATTER is before the Court upon a review of the record. United States District Judge Rodney Smith referred the case to the undersigned for a Settlement Conference, which was held on October 17, 2019. *See* (ECF Nos. 25 and 27). As discussed below, two of the three claimant Defendants failed to appear at the Settlement Conference or otherwise respond to Court orders. *See* (ECF No. 28) (Order to Show Cause as to why Defendants Eduardo Lopez and Angelcira Lopez failed to appear at the Settlement Conference). Accordingly, having reviewed the record, being otherwise duly advised in the matter, and for the reasons set forth below, the undersigned respectfully recommends that the Court: (i) strike the Answers of Defendants Eduardo Lopez and Angelcira Lopez; (ii) enter a default judgment against Defendants Eduardo Lopez and Angelcira Lopez; (iii) enter a judgment in favor of Defendant Lisa Biscotti; (iv) deny Plaintiff's claim for attorney's fees and costs alleged in the Complaint; and (v) administratively close the case and deny all pending motions as moot.

### **I.    BACKGROUND**

On December 13, 2018, Plaintiff Unum Life Insurance Company of America ("Plaintiff") filed its Complaint in interpleader involving group life insurance policy no. 410644 001 (the

"Policy"), issued to AAA Miami Locksmith, Inc. ("AAA") to provide life insurance coverage to eligible employees of AAA.  *See* (ECF No. 1 ¶ 7).  While a covered employee under the Policy, Jorge Lopez (the "Decedent") died on May 9, 2018.  *Id.* ¶¶ 8, 10.  Accordingly, Decedent was eligible for $25,000 in basic life insurance benefits (the "Death Benefits").  *Id.* ¶ 8.

According to the Complaint, there were competing claims to the Death Benefits.  Specifically, on or about May 4, 2018, AAA received an updated Beneficiary Designation listing Eduardo Lopez (Decedent's brother) as 50% beneficiary and Angelcira Lopez (Decedent's mother) as 50% beneficiary of the Death Benefits.  *Id.* ¶ 9.  However, a previous Beneficiary Designation dated February 6, 2018 listed Lisa Biscotti as 100% primary beneficiary.  *Id.*

On or about May 8, 2018, Ms. Biscotti submitted a letter to Plaintiff contesting the May 4, 2018 change in beneficiary designation based on fraud and undue influence due to the Decedent being in hospice care and receiving heavy doses of narcotic medications.  *Id.* ¶ 11.  Although Plaintiff alleged that it was "ready to pay the appropriate party the Death Benefits," it was "unable to determine which of the adverse claimants is entitled to the Death Benefits under the Policy" based on the competing claims.  *Id.* ¶¶ 17, 18.

On January 10, 2019, Defendant Eduardo Lopez filed a document titled "Answer to Complaint and Summons."  *See* (ECF No. 7).  On February 11, 2019, Defendant Angelcira Lopez filed a similar document,"[1]  *See*  (ECF No. 10) (together with ECF No. 7, the "Answer to the Complaint").  On April 18, 2019, Plaintiff filed an Unopposed Motion for Leave to Deposit Funds, Discharge, and Default Judgment Against Defendant Lisa Biscotti.  *See* (ECF No. 17).  On June 5, 2019, the District Judge[2] partially granted Plaintiff's motion and ordered, among other things that: (i) the Death Benefits be

---

[1] Defendant Eduardo Lopez together with Angelcira Lopez are hereinafter referred to as the "Lopez Defendants."

[2] The case was initially assigned to District Judge Marcia G. Cooke, but was later reassigned to District Judge Rodney Smith.  *See* (ECF Nos. 2, 19).

deposited into the Court registry; (ii) Plaintiff be dismissed with prejudice; (iii) the potential claimants interplead and settle among themselves the rights and claims for the Death Benefits; and (iv) the case be referred for a Settlement Conference before the then-paired Magistrate Judge. *See* (ECF No. 18). Subsequently, the case was reassigned to the current District Judge and specifically referred to the undersigned for a Settlement Conference. *See* (ECF No. 24).

On October 17, 2019, the undersigned held a Settlement Conference. *See* (ECF No. 27). Despite notice to all Defendants, the only Defendant who attended the Settlement Conference was Lisa Biscotti. *Id.* Accordingly, on the same day, the Court issued an Order to Show Cause why the Lopez Defendants failed to appear at the Settlement Conference and why their absence should not be deemed a waiver of their claims. *See* (ECF No. 28). The undersigned further advised that "[f]ailure to timely comply with [the Order to Show Cause] may result in a recommendation to the District Judge that the alleged claim of the non-compliant Defendant(s) be deemed WAIVED." *Id.* To date, the Lopez Defendants have failed to respond to this Court's Order to Show Cause or otherwise appear in this case beyond their one-page Answer to the Complaint.

## II.   DISCUSSION

### A.   *Interpleader Actions Generally*

District courts have broad and significant powers in an interpleader action. *Wachovia Bank, N.A. v. Tien*, 534 F. Supp. 2d 1267, 1284 (S.D. Fla. 2007). Interpleader is designed to protect stakeholders from harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim, among many, has merit. *Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, 699 F. Supp. 2d 1344, 1348-49 (S.D. Fla. 2010) (citation omitted). The purpose of an interpleader action is to allow the contesting parties to have their rights determined in a court of equity so as to protect the plaintiff from double liability, and to preserve the rights of any

3

claimant to the fund. *Id.* (citation and quotation omitted). Further, the federal interpleader statute is remedial and to be liberally construed. *Id.*

      B.      *The Lopez Defendants Have Failed to Properly Answer the Complaint*

Because Plaintiff has deposited the Death Benefits into the Court registry and has been dismissed with prejudice from the case, *see* (ECF No. 18), the remaining parties are the three claimant Defendants: the two Lopez Defendants and Lisa Biscotti. Defendants, appearing *pro se*, have all filed Answers to the Complaint. *See* (ECF Nos. 7, 10, 29). Although the Lopez Defendants have each filed an Answer to the Complaint, each "Answer" (ECF Nos. 7, 10) is woefully insufficient to satisfy the pleading requirements under the Federal Rules.[3] Specifically, under Rule of Civil Procedure 8, a party responding to a complaint must state in short and plain terms the defenses to each claim asserted against it and admit or deny the allegations asserted against it by an opposing party. Fed. R. Civ. P. 8(b).

Here, the Lopez Defendants have filed similar one-page documents titled "Answer to the Complaint," which do not admit or deny the alleged claims or state any defenses. Rather, the one-page "Answer" consists of numbered paragraphs, with reference to seemingly random rules and statutes, without any explanation or context. *See* (ECF Nos. 7, 10). Even affording leniency toward filings by pro-se litigants, the documents are difficult to comprehend and fail to satisfy the minimum pleading requirements for an answer. Accordingly, the undersigned recommends that the respective "Answer" by the Lopez Defendants (ECF Nos. 7, 10) be stricken for failure to comply with the Federal Rules.

---

[3] On the other hand, the Answer by Defendant Biscotti sufficiently complies with the Federal Rules. *Compare* (ECF Nos. 7 and 10) *with* (ECF No. 29). Accordingly, the Clerk's Default (ECF No. 14) entered against Defendant Biscotti should be vacated. *See also* (ECF No. 28) (granting Lisa Biscotti's oral motion to vacate Clerk's Default) .

      C.    *The Lopez Defendants' Should be Sanctioned for their Failure to Comply with Court Orders*

Although the Court has been patient with the Lopez Defendants, their failure to properly defend and comply with Court orders forces the Court to proceed to determine the rightful beneficiary of the Death Benefits. *See, e.g.*, *Gerber Life Ins. Co. v. Lee*, No. 04-61617-CIV, 2006 WL 8431088, at *1 (S.D. Fla. Oct. 26, 2006) (noting that claimant's nearly complete inability to follow various Court orders demonstrated that no sanction less than dismissal could serve to remedy the situation and permit the prosecution of the action in a fair and reasonable manner). Here, the District Judge directed Potential Claimants to "interplead and settle among themselves the rights and claims to the Death Benefits." (ECF No. 18 at 2). Thereafter, the undersigned ordered that all Defendants appear for a Settlement Conference, but only Defendant Biscotti complied with the Court's Order. *See* (ECF Nos. 26, 27). Thus, the undersigned issued an Order to Show Cause why the Lopez Defendants failed to appear at the Settlement Conference, further advising that "[f]ailure to timely comply with [the Order to Show Cause] may result in a recommendation to the District Judge that the alleged claim of the non-compliant Defendant(s) be deemed WAIVED." (ECF No. 28). To date, however, the Lopez Defendants have failed to respond to this Court's Order to Show Cause or otherwise appear in this case beyond the incomprehensible one-page "Answer" to the Complaint discussed above. The Lopez Defendants' failure to appear at the Court-ordered Settlement Conference and their failure to respond to Court orders undermines their claim to entitlement to any portion of the interpleaded life insurance proceeds. *See, e.g.*, *Metro. Life Ins. Co. v. Parker*, No. 11-0098-WS-B, 2012 WL 4497742, at *2 (S.D. Ala. Sept. 27, 2012) (noting that failure to appear at trial would be failure to demonstrate entitlement). Accordingly, as discussed below, the undersigned also recommends sanctions against the Lopez Defendants for failure to comply with Court orders.

      The recommendation of sanctions is based on the Court's inherent powers. Indeed, the Court has "an inherent power to regulate litigation and sanction the parties, as well as their counsel, for

abusive practices." *Brandt v. Magnificent Quality Florals Corp.*, No. 07-20129-CIV-HUCK, 2009 WL 899925, at *4 (S.D. Fla. Mar. 31, 2009), *aff'd*, 371 F. App'x 994 (11th Cir. 2010) (citations omitted); *see also Spolter v. Suntrust Bank*, 403 F. App'x 387, 390 (11th Cir. 2010) ("Federal courts have the inherent power to impose sanctions on parties and lawyers."). Among the most severe sanctions that a court can impose pursuant to its inherent powers are dismissal of an action and entry of a default judgment against the disobeying party. *Mediware Info. Sys., Inc. v. Hematerra Techs., LLC*, No. 3:13-CV-103-J-JRK, 2016 WL 4925166, at *3 (M.D. Fla. Sept. 1, 2016) (citing *Sprint Sols., Inc. v. Fils-Amie*, 83 F. Supp. 3d 1290, 1295 (S.D. Fla. 2015)); *see also Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *accord Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (permitting sua sponte exercise of court's inherent power to dismiss case). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Consequently, "[c]ourts considering whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority." *Purchasing Power, LLC v. Bluestem Brands, Inc*., 851 F.3d 1218, 1224-25 (11th Cir. 2017). Thus, "[w]hen ordering a sanction of default judgment, the Court should find by clear and convincing evidence that (1) a defendant acted in bad faith, (2) the plaintiff was prejudiced by this conduct, and (3) lesser sanctions would not adequately serve the goals of punishment and deterrence." *Sprint Sols., Inc. v. Fils-Amie*, 83 F. Supp. 3d 1290, 1295 (S.D. Fla. 2015) (citation omitted).

Here, both the District Judge and the undersigned ordered all Defendants to attend the Settlement Conference. *See* (ECF Nos. 18, 24, 25, 26). The Lopez Defendants failed to comply with those initial orders. The Lopez Defendants then also failed to respond this Court's Order to Show cause. Thus, the Lopez Defendants' continued disregard for Court orders and procedural rules evidences Defendants' willfulness and bad faith. *See, e.g., Mitchel v. VegasSportsConsultants.com,* No. 18-CIV-61404-RAR, 2019 WL 3426038, at *3 (S.D. Fla. May 23, 2019) (citing *U.S. v. Certain*

6

*Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997) (concluding that pattern of noncompliance without excuse or explanation sufficiently demonstrated willfulness so as to warrant default judgment as sanction). Further, although Plaintiff was dismissed from the case and is not itself prejudiced, the Death Benefits remain in the Court registry, frustrating the intent behind an interpleader action. Based on the posture of the case (where the only parties remaining are the Lopez Defendants and Defendant Biscotti), the undersigned concludes that no sanction short of a default judgment against the Lopez Defendants would adequately address their blatant disregard of Court orders and repeated noncompliance.

Accordingly, the undersigned recommends the entry of a default judgment against the Lopez Defendants for failure to comply with the Federal Rules and Court Orders. *See, e.g., Unicare Life & Health Ins. Co. v. Galvan*, No. 1:11-CV-61-SPM-GRJ, 2011 WL 6258845, at *1 (N.D. Fla. July 15, 2011), *report and recommendation adopted*, No. 1:11-CV-61-SPM/GRJ, 2011 WL 6258822 (N.D. Fla. Dec. 15, 2011) (recommending entry of a default judgment against non-responsive claimant).

### III. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the Court:

1.  **STRIKE** the Answer of Defendants Eduardo Lopez (ECF No. 7) and Angelcira Lopez (ECF No. 10) for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8;

2.  Barring an objection to this Report and Recommendation, enter a **DEFAULT JUDMGENT** against Defendants Eduardo Lopez and Angelcira Lopez for failure to comply with the Federal Rules and Court Orders, and find that the Lopez Defendants have **WAIVED** their claim to the Death Benefits;

3.  **VACATE** the Clerk's Default (ECF No. 14) against Defendant Biscotti based upon her proper Answer to the Complaint, filed on October 30, 2019 (ECF No. 30);

7

4.     Enter **JUDGMENT** in favor of Defendant Lisa Biscotti and direct the Clerk of Court to disburse the Death Benefits in the Court registry (plus any applicable interest) to Defendant Biscotti;

5.     **DENY** Plaintiff's claim for attorney's fees and costs contained in the Complaint.  *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994) (noting that attorney's fees are not warranted when a stakeholder's interpleader claim arises out of the normal course of business); *see also Nail v. Shipp*, No. CV 17-00195-KD-B, 2020 WL 7346032, at *3 (S.D. Ala. Dec. 14, 2020) (collecting cases in the Eleventh Circuit courts have denied insurance companies' requests for fees and costs in interpleader actions where the companies fail to demonstrate that the action was not part of its regular course of business or is otherwise extraordinary);

6.     Administratively **CLOSE** the case and **DENY** all pending motions as moot.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on January 11, 2021.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Rodney Smith
     All Counsel of Record

8